IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CLEARVIEW FINANCIAL SERVICED, LLC and ISLAS FUND, LLLP,<br><br>                    Plaintiffs,<br>v.<br><br>MARCIA WEISS,<br><br>                    Defendant. | Civil No. 2011-88 |

**MEMORANDUM AND ORDER**

Before the Court is the motion of defendant Marcia Weiss for leave to amend her counterclaim (ECF 42) to: (1) add a new party counter-defendant, Arthur Pomerantz, and to allege various claims against him; and (2) allege different and additional claims against the existing counter-defendants, Clearview Financial Services, LLC ("Clearview") and Islas Fund, LLLP ("Islas", the plaintiffs are hereafter sometimes collectively referred to as the "Lenders"). Weiss contends that joinder of Pomerantz as an additional party is proper under Federal Rules of Civil Procedure 19 or 20, and that the requirements of Federal Rule of Civil Procedure 15 are met. The Lenders oppose the motion. The Court heard oral argument on May 2, 2012.

A.   Factual and Procedural Background

The Lenders initiated this action for debt and foreclosure on August 15, 2011 against Weiss alleging that she defaulted on a promissory note and mortgage she executed in their favor on February 23, 2007. After Weiss moved to dismiss the complaint, the Lenders filed an Amended Complaint on November 11, 2011 (ECF 11).

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 2

On November 18, 2011 (ECF 14), Weiss answered the complaint and asserted a four-count counterclaim (ECF 14), alleging, among other things, that in 2006 she engaged Attorney Arthur Pomerantz to represent her in the purchase of property in St. Thomas. At the time, she was interested in obtaining unconventional financing, and had heard that Pomerantz knew how to locate such financing. Weiss asked Pomerantz to "explore the availability of such financing on the best terms," and Pomerantz agreed "to check with a group of investors." (ECF 14, Counterclaim, ¶ 6)   Thereafter, Pomerantz prepared and she executed a proposed promissory note and a proposed mortgage, with the lender shown as Clearview, and having the following terms:   $400,000, at 13% interest, compounded annually, payable in four years, with a five point ($20,000) origination fee.   Id. at ¶ 9.   After the closing, Weiss alleges she learned that Pomerantz had altered the note to add Islas as an additional payee, and had altered the mortgage to make Islas an additional mortgagee.   Id. at ¶ 13.   Weiss also alleges that, unbeknownst to her, Pomerantz was acting in the transaction not only as her attorney, but "simultaneously representing the interests of the prospective lenders."   Id. at ¶ 7.

After the parties had conducted some written discovery, and certain of Pomerantz' records had been produced pursuant to subpoena, on March 23, 2012, Weiss moved (ECF 42) to amend her counterclaim pursuant to Federal Rules of Civil Procedure 13(h) and 15.   Weiss seeks to assert factual allegations regarding Pomerantz' relationship to the Lenders "as agent and attorney," to add Pomerantz as a counterclaim-defendant, to state additional claims for legal malpractice (Count V), breach of contract (Count VI), breach of fiduciary duty (Count VII) and fraud (Count VIII), and to revise some of the existing counts as follows:

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 3

      a.      to revise Count I for declaratory relief, to request (1) a declaration that the note and mortgage have been vitiated by Pomerantz' material alteration of these documents, or if they have not been, then (2) a declaration of the fair and reasonable obligations of the parties to the documents;

      b.      to revise Count II for restitution and unjust enrichment to seek rescission of the note and mortgage on fair and reasonable terms or in the alternative to "treat these documents as void."[1]

B.      <u>Legal Standards</u>

Federal Rule of Civil Procedure 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim. . . ." Fed. R. Civ. P. 13(h). Rule 19 covers situations where the joinder of additional parties is required because they are "necessary" for the complete adjudication of the matters in controversy.[2] Rule 20 provides for permissive joinder.

---

[1] See ECF 43-2 generally, and at ¶ 22.

[2] Rule 19 (a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 4

Rule 20(a)(2) in pertinent part provides:

Persons . . . may be joined in one action as defendants if:

(A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)   any question of law or fact common to all defendants will arise in the action.

To determine if joinder of defendants is proper, each of the two requirements of Rule 20(a)(2) must be met.  "[F]irst, a right to relief must be asserted which arose from the same transaction or occurrence, and second, a question of law or fact common to all the parties must arise in the action."  *Morris v. Paul Revere Ins. Group*, 896 F. Supp. 872, 885 (D.N.J. 1997)(citation omitted).  The common question requirement "'does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties.'" *Id.* at 885 (quoting *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc*. 67 F.R.D. 634, 637 (D. Del. 1975))[3].   Although the Rule 20 joinder provision "should be construed liberally, both parts of the test must be satisfied."   *Morris*, 896 F. Supp. at 885 (citations omitted).   See also *Schindler Elevator Corp. v. Otis Elevator Co*., 2009 U.S. Dist. LEXIS 40994, *5, 14 (D.N.J. May 14, 2009)(Rule 13(h) is applied liberally; expediting litigation is not a legitimate reason not to add a party); *but see International Dev., LLC v. Simon,* 2010 U.S. Dist LEXIS 106003 (D.N.J. Oct. 4 2010)(refusing to

---

[3]  Under Rule 20(a) "even 'marginally related' parties should be permitted to join if consistent with the promotion of judicial economy."   *Mesa Computer Utilities,* 67 F.R.D. 634, at 638.

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 5

join another party where existing parties had been litigating for over two years and had engaged in substantial motion practice and discovery).

With respect to the determination of what constitutes the "same transaction or occurrence," "a claim need only 'bear[] a logical relationship to' the subject matter of the complaint." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 (3d Cir. 2011)(citation omitted).

> [A] logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and time by the parties and the courts." (Citation omitted.) Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties. (Citation omitted) In short, the objective of Rule 13(a)[4] is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose.

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.,* 292 F.3d 384, 389-90 (3d Cir. 2002).[5]

Furthermore, Rule 20(a)(3) provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more

---

[4] Although the *Transamerica* Court was construing the "same transaction or occurrence" language of Rule 13(a), courts have applied the interpretation of that language to Rule 20 by analogy. See, e.g., *King v. Pepsi Cola Metro. Bottling Co.,* 86 F.R.D. 4 (E.D. Pa. Oct. 19, 1979). In *King*, the court recognized "the policy favoring the broadest possible scope of action consistent with fairness to the parties, strongly encouraging joinder of parties, claims and remedies, which was defined by the United States Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724. . . ." *King,* 86 F.R.D. at 5. The *King* Court cites *Mosley v. General Motors, Corp.,* 497 F.2d 1330 (8th Cir. 1974), which also analogized the Rule 13(a) language to that of Rule 20 in finding joinder appropriate.

[5] Interestingly, although not dealing with allegations of agency, as in the present case, the *Transamerica* Court also addressed the issue of when an unnamed party may be "so closely identified with a named party as to qualify as an 'opposing party' under Rule 13(a)." 292 F.3d. at 390. The court noted that "courts interpreted 'opposing party' broadly for essentially the same reasons that courts have interpreted 'transaction or occurrence' liberally – to give effect to the policy rationale of judicial economy underlying Rule 13." Id at 391.

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 6

defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). In addition, the court may enter appropriate orders to limit any expense, delay or prejudice attendant to joinder. Fed. R. Civ. P. 20(b).

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely given when justice so requires.[6] However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); see also *Forman v. Davis*, 371 U.S. 178, 182 (1962). Whether to grant leave to amend lies within a court's discretion. *Pennsylvania Employees Ben. Trust Fund v. Zeneca Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).

"Prejudice to the non-moving party is the touchstone for the denial of an amendment," and such prejudice must be substantial or undue. *Lorenz v. CSX Corp.*, 1 F. 3d 1406, 1413-14 (3d Cir. 1993)(quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Prejudice in this context has been held to mean that the non-movant is "unfairly disadvantaged." *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations omitted). "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

---

6   Fed. R. Civ. P. 15(a).

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 7

    C.    <u>Analysis</u>

Although Weiss does not fully concede that Rule 19 is inapplicable here[7], the Court finds that on the facts presented, complete relief may be obtained among the current parties, and no party is at risk of incurring multiple or inconsistent obligations if Pomerantz is not joined. Therefore, the Court will determine whether permissive joinder under Rule 20 is appropriate.

First, the Court must determine whether there is a right to relief asserted against Pomerantz that arises from the same transaction or occurrence as that giving rise to the right to relief sought in the Amended Complaint and initial counterclaim. Based upon the authorities discussed above and the broad interpretation this Court is instructed to give to the "same transaction or occurrence" language, there is no doubt that the proposed joinder of Pomerantz satisfies the first prong of the Rule 20 test. The financing transaction in which Pomerantz is alleged to have engaged in conduct constituting malpractice, an impermissible conflict and a breach of duty is the same financing transaction in which the Lenders seek to enforce their rights against Weiss.

Further, with respect to the second prong, the Court also finds that there are common questions of law and fact that permeate the issues raised in the Amended Complaint and the proposed amended counterclaim. As least with respect to the count seeking declaratory relief, Weiss argues that she is alleging that Pomerantz acted as attorney and/or agent to the Lenders, while simultaneously acting as her attorney. She contends that as a result, Pomerantz' alleged alteration of the note and mortgage to add Islas as a payee and obligee may

---

7 Weiss argues that while "Pomerantz may not be a 'necessary party' under Fed. R. Civ. P. 19(a), he certainly is very close to being necessary. . . ." This is not enough to satisfy Rule 19.

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 8

be conduct imputed to the Lenders such that the alteration renders such documents void under the Restatement (Second) of Contracts, §286 and other authority.[8] The Lenders, on the other hand, argue that in order for the Restatement principle to apply and affect their claims, the alteration must be both material and fraudulent, and the discovery shows (1) that Weiss knew of and approved the change, and (2) that Clearview could have assigned its rights to Islas under statutory authority, thus making the change not material.[9] These arguments taken together, however, demonstrate that common factual and legal issues exist at least with respect to Pomerantz' role *viz.* each of the parties in the financing transaction, Weiss' knowledge at certain relevant times, and the effects of Pomerantz' relationships and conduct and Weiss' knowledge on the enforceability of the instruments. Therefore, the Court finds that commons factual and legal issues exist, and the second requirement for joinder under Rule 20 has also been met.

Having addressed the joinder issue, the Court must now determine whether allowing an amendment is consistent with Rule 15. As noted, prejudice to the party opposing the amendment is the "touchstone" of this analysis. While the Lenders argue that Weiss unduly delayed in bringing these additional claims and was motivated by bad faith, they primarily assert that (1) they will be prejudiced both by the passage of time and by Weiss' attempt to insert "complicated" issues related to Pomerantz' alleged malpractice into their otherwise

---

8  See, e.g., Weiss' Reply (ECF 50), at pp. 1, 9, 12.

9  See Lenders' Opposition (ECF 46), at pp. 15-16, 17; Sur-reply (ECF 54), at p. 4.

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 9

simple foreclosure and debt action, and (2) that certain of the proposed amendments are "futile."[10]

With respect to the issue of delay, the Court notes that the Lenders filed their Amended Complaint in November 2011, and the initial counterclaim was filed almost immediately thereafter. Then, after receiving responses to written discovery in February 2012 that arguably demonstrated Pomerantz' role in the transactions relative to the Lenders on which Weiss now claims to base her amended counterclaim, Weiss moved the following month to amend. Given this sequence of events, the Court cannot find that any delay in seeking to amend was undue. And, the Lenders offer little more than argument from which to base a finding of bad faith. The Court declines to reach that conclusion.

As to the issue of prejudice, this Court is confident that neither the Court nor a properly-instructed jury will be confused by having to parse out issues of malpractice and breach of duty in the same matter as the issues relative to the debt. This case, even with the initial counterclaim, was not ever only simply about whether Weiss paid the debt according to the terms of the instruments. Indeed, even if the claims against Pomerantz were not permitted to be adjudicated in this case, the factual issues of his conduct, the role he played relative to each party, and to whom his duties flowed would still presumably be raised as defenses to the debt. Thus the Court does not find the Lenders would be unfairly disadvantaged by the amendments sought here.

---

10  See Lenders' Opposition (ECF 46), at pp. 11, 16-17.

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 10

Moreover, this case is in the initial stages of discovery, and there does not appear to be much discovery that might need to be duplicated in the event Pomerantz is joined and the other amendments allowed. Further, any potential prejudice that might accompany an adjustment to the trial preparation and discovery schedule may be minimized by the Court both by operation of Rule 20(b) and by the Court's inherent ability to manage its docket.

The Lenders also contend that the proposed amendments to Counts I and II should be disallowed because they are futile. They argue that the interest rate charged on the loan was permitted under 11 V.I.C. §951(b)(6), and the inclusion of an additional payee on the note and obligee on the mortgage did not materially alter the documents because Clearview could have assigned its rights to Islas without Weiss' consent in any event under 11A V.I.C. §2-203. Therefore, they conclude, the proposed amended counterclaims do not state causes of action for which relief may be granted.

As amended, each of Counts I and II seeks to have the note and mortgage found to be void as a result of Pomerantz' conduct in altering them while acting in his capacity as an agent of the Lenders. This is in addition to seeking a finding in relation to the interest rate. Because at this stage the Court cannot resolve the factual and legal issues of whether Pomerantz's alteration of the instruments may be imputed to the Lenders so as to vitiate the note and mortgage, and because the Court cannot say whether as a matter of law the fact that Clearview allegedly could have assigned its rights trumps the provisions of §286 of the Restatement of Contracts, this Court cannot find that the proposed amendments are futile.

Accordingly, the premises considered, it is hereby

ORDERED that the motion to amend is GRANTED, and it is further

ORDERED that Weiss shall promptly serve Arthur Pomerantz with the summons and counterclaim, and it is further

ORDERED that plaintiffs/counter-defendants Clearview and Islas shall respond to the amended counterclaim within 14 days of the date hereof.

**Dated:**　May 8, 2012　　　　　　　　　S\_____
　　　　　　　　　　　　　　　　　　　　　　**RUTH MILLER**
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge