IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CLEARVIEW FINANCIAL SERVICED, LLC<br>and ISLAS FUND, LLLP, | )<br>)   Civil No. 2011-88<br>) |
| Plaintiffs, | ) |
| v. | )<br>) |
| MARCIA WEISS, | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM AND ORDER**

Before the Court is plaintiffs' motion to compel discovery (ECF 48).  In this motion plaintiffs seek (1) the production of defendant Marcia Weiss's tax returns for the years 2004-2006, and (2) information as to defendant's annual income for the years 2004-2006 and her assets and liabilities in February 2007.  In response, Weiss contends that (1) plaintiffs did not fully comply with Local Rule of Civil Procedure 37.1 prior to filing the motion, (2) tax returns are not discoverable in the circumstances of this case, and (3) the request for asset and liability information is "overly burdensome and impermissibly vague."[1]

    A.    <u>Factual and Procedural Background</u>

Plaintiffs initiated this action for debt and foreclosure against Weiss alleging that she defaulted on a promissory note and mortgage she executed in their favor on February 23, 2007. Weiss asserts a counterclaim in which she contends that several aspects of the financing transaction sought to be enforced were deficient.  As part of the factual predicate for her counterclaim, Weiss states that she "had sufficient personal resources to purchase the Property

---

[1] Weiss' Opposition (ECF 61), at 3.

*Clearview Financial, et al. v. Weiss*
Civil No. 2011-88
Page 2

without any financing or she could have obtained financing from a conventional mortgage lender."[2]

In discovery, plaintiffs seek production of Weiss' tax returns for the three years preceding the loan transaction. Weiss objects to the request as "overly broad," and seeking "information that is privileged, irrelevant to any claim or defense and that is not reasonably calculated to lead to the discovery of admissible evidence."[3] In Interrogatory 10, plaintiffs ask Weiss to "list [her] income for the years 2004 through 2006 and list all of [her] assets as well as [her] liabilities in February of 2007." Weiss did not object to this interrogatory.[4] The parties conferred in compliance with LRCi 37.2(a).[5]

B.  Legal Standards

Federal Rule of Civil Procedure 26 allows discovery into matters that are relevant to the claims and defenses in a case, or that are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Unless a claim of privilege is appropriate, or there is some other valid objection to the discovery request, *e.g.* Fed. R. Civ. P. 26(b)(2) and (5), a response should be made and the information provided. In addition, the parties must, "without awaiting a discovery request," provide to the other party the information called for in

---

2  ECF 14, Counterclaim, ¶ 6; ECF 43-1, Amended Counterclaim, ¶ 7.  The Court has granted leave to file the Amended Counterclaim, and plaintiffs have objected thereto.  The posture of the objection does not affect this motion as the same allegation appears in both counterclaims.

3  See ECF 49-1, at 3 (reproducing Rule 34 Request number 5 and the Response thereto).

4  See ECF 49-2, at 3-4 (reproducing Interrogatory number 10 and the Response thereto).

5  See Rule 37.2 Stipulation, ECF 47.  Despite having entered into this Stipulation, Weiss now curiously argues the motion should be denied for failing to comply with LRCi 37.1.  Apparently Weiss believed counsel's letter was adequate for the purpose of prompting and conducting the necessary conference, and the Court concludes the letter was sufficient in the circumstances to comply with the Rule.

*Clearview Financial, et al. v. Weiss*
Civil No. 2011-88
Page 3

Rule 26(a) (1)(A), including copies of documents that "may" be used to support a claim or defense. Fed. R. Civ. P. 26(a)(1) (A).

"Relevance for discovery purposes is broadly and liberally construed. Privilege, as opposed to relevance, is to be narrowly construed, with the burden of establishing it on the party asserting it. Answers to interrogatories and document requests must be complete, explicit and responsive." *Gow v. Chrysler Corporation*, 1987 U.S. Dist. LEXIS 10094, *2 (E.D. Pa. June 30, 1987)(internal citations omitted).

With respect to the production of tax returns, this Court has previously ordered their production where the parties were conducting discovery on damages. *See Gov't Guarantee Fund v. Hyatt Corporation,* 37 V.I. 186 (D.V.I. 1997). The right to discover tax returns is not unlimited, however, because "[a]lthough tax returns are not privileged, sound public policy considerations militate against their unnecessary disclosure. Where, as herein, the relevant information can be obtained from alternative sources and where plaintiff has not made an issue of the amount of his past income, there is no need to require plaintiff to fully disclose the contents of his past income tax returns." *Maldonado v. St. Croix Discount, Inc.*, 77 F.R.D. 501, 503 (D.V.I. 1978)(noting that information could be gleaned from W-2 wage statements produced and estopping plaintiff from claiming more income than was reflected in such statements). *See also Epstein v. Township of Whitehall*, 1989 U.S. Dist. LEXIS 8207, *2-3 (E.D. Pa. Jul. 18, 1989)(citations omitted) (tax returns are not immune from discovery but the "decision to disclose them involves balancing a policy of liberal discovery against a policy

*Clearview Financial, et al. v. Weiss*
Civil No. 2011-88
Page 4

advocating the confidentiality of the tax returns;" court would only compel disclosure if information sought in the returns is relevant and not readily available elsewhere).

    C.    <u>Analysis</u>

Weiss alleges in support of her counterclaim that she "had sufficient personal resources to purchase the Property without any financing or she could have obtained financing from a conventional mortgage lender." Having thus placed her creditworthiness squarely in issue, plaintiffs are permitted to test this allegation through the discovery they seek. This Court therefore finds with little difficulty that information about her financial condition at and for some period of time before the loan at issue was made is relevant in this matter, and certainly meets the test of being reasonably calculated to lead to the discovery of admissible evidence.

In connection with the interrogatory seeking a list of Weiss' assets and liabilities in February 2007, it must first be noted that Weiss did not object to this request at the time she first responded to the discovery. Where there is a failure to timely object, objections are waived. Fed. R. Civ. P 33(b)(4). In *Averbach v. Rival Manufacturing Co.*, the Third Circuit observed that "'discovery by interrogatory requires candor in responding.'" 879 F.2d 1196, 1201 (3d Cir. 1989) (quoting *Dollar v. Long MFG.*, 561 F.2d 613, 616 (5th Cir. 1977).[6]

Notwithstanding a failure to make a timely objection, Weiss now tries to object to the request for information as to her assets and liabilities as "confusingly vague," and claims that the "financial terms 'assets' and 'liabilities' do not make sense in this context." This Court does not see how this simple and limited interrogatory, calculated to elicit exactly the type of

---

    6 The D*ollar C*ourt further commented that a "partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." 561 F.2d 613, 616-17.

*Clearview Financial, et al. v. Weiss*
Civil No. 2011-88
Page 5

information Weiss would likely be required to provide to a "conventional mortgage lender," is susceptible to the tortured construction Weiss argues for in her opposition. Some application of common sense must be presumed. *See, e.g. Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 298 (E.D. Pa. 1980)("Since plaintiffs have not assigned a particular meaning to these phrases, the ordinary, everyday usage and meaning must have been intended.").[7]

And, although Weiss argues that she "set forth a significant amount of information concerning her assets/income and bank loans,"[8] a review of her answer reveals she did not give a complete, coherent response to this interrogatory, and instead she "cherry-picked" the information she disclosed. Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." *See Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 306 (E.D. Pa. 1996)(despite a claim that they had "evidentiary support" for their allegations, plaintiffs failed to provide it "explicitly, candidly and completely"). Accordingly, with respect to Interrogatory 10, the Court finds that Weiss has waived objection to the request, and she has failed to fully and properly respond to it. A full response must be forthcoming.

---

7  See also the comments to the 1993 Amendments to Fed. R. Civ. P. 37(a):  "Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a)."   As one treatise phrased it:   "An attorney must interpret an interrogatory as a reasonable attorney in good faith would read and understand the interrogatory.   Unreasonable extrapolations, petty quibbling, and stretched interpretations have no place in determining what information an interrogatory seeks."  Roger S. Haydock and David F. Herr, Discovery:   Theory, Practice and Problems, §3.6.3, at 215 (1983).

8  ECF 61, at 4.

*Clearview Financial, et al. v. Weiss*
Civil No. 2011-88
Page 6

Moreover, the incompleteness of the interrogatory response has a direct bearing on the question of whether Weiss must produce her tax returns for the years in question. Although Weiss claims she "advised plaintiffs that she received a significant amount of cash (which is her primary income) from a life insurance trust that was paid to her when her husband was killed,"[9] and that in seeking conventional financing she would have "relied upon her non-taxable income . . . and the amount of her available cash."[10] Weiss has not made clear to the Court just where and how this information was transmitted to plaintiffs in discovery.

Further, while Weiss claims she would not have used her tax returns to obtain financing, her theory cannot limit plaintiffs' ability to challenge her contention that she could have obtained alternative conventional financing by trying to show that "conventional" lenders would have in part relied on – or at the very least requested for review -- such returns. This is especially true in light of Weiss' statement in her response to Interrogatory 10 that she did not in fact apply for any other financing.

Finally, there is no indication that the information that might be contained in the tax returns "is readily available from other sources," as Weiss argues,[11] and Weiss points to no other sources for such information. As a result, because they may lead to the discovery of evidence admissible on an issue Weiss herself has inserted into the case, and because there

---

[9] Weiss states that her husband was a victim of the New York City terrorist attacks in 2001, some six years prior to the subject loan being made. ECF 14, Counterclaim, ¶ 2; ECF 43-1, Amended Counterclaim, ¶ 2.

[10] ECF 61, at 2-3.

[11] ECF 61, at 2.

*Clearview Financial, et al. v. Weiss*
Civil No. 2011-88
Page 7

does not appear to be an alternate source for the information that is or could be contained in Weiss' returns, she must produce them.

With respect to an award of fees and costs in connection with this motion, the Court declines to find monetary sanctions appropriate under the circumstances. Failure to comply with the order to produce herein may lead to a different result.

Accordingly, the premises considered, it is hereby

ORDERED that the motion to compel is GRANTED, and it is further

ORDERED that Weiss shall serve, within 10 days of the date of this Order, an amended complete response to Interrogatory 10, and it is further

ORDERED that Weiss shall produce copies of her income tax returns for the years 2004-2006 within 10 days of the date hereof; and it is further

ORDERED that the request for fees and costs is denied without prejudice.

**Dated:**   May 16, 2012              S_____
                                       **RUTH MILLER**
                                       United States Magistrate Judge