IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CLEARVIEW FINANCIAL SERVICED, LLC and ISLAS FUND, LLLP,<br><br>        Plaintiffs,<br>v.<br><br>MARCIA WEISS,<br><br>        Defendant. | Civil No. 2011-88 |

## MEMORANDUM AND ORDER

Before the Court is plaintiffs' motion (ECF 69) to stay the operation of this Court's Order of May 8, 2012 granting leave to amend defendant's counterclaim (ECF 65). Defendant opposes the stay (ECF 72) and plaintiffs have filed a reply (ECF 73).

In deciding whether to stay proceedings pending an appeal, the Court must consider four factors: "(1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[1] First, although plaintiffs obviously disagree with the result, they do not make a "strong showing" that they are likely to succeed on the merits of their objections. They argue principally that they have meritorious objections, which closely track the arguments they made in opposition to the motion for leave to amend, but they do not make a strong showing that the decision was clearly erroneous or contrary to law. And, although they argue that the appeal of the Order will be moot should it not be

---
[1] See, e.g., Southern New England Telephone Company v. Global NAPs, Inc., 2007 U.S. Dist. LEXIS 79729, *3-4 (D.V.I. Oct. 26, 2007)(citations omitted).

Clearview Financial, et al. v. Weiss
Civil No. 2011-88
Page 2

stayed, they do not show irreparable harm absent a stay. In the event the granting of the motion to amend is deemed to have been improper, severance of the new defendant and new claims may remedy any potential "harm." At most, some litigation costs may be incurred by plaintiffs in having to prepare a response to the Amended Counterclaim, but such monetary harm is generally not considered irreparable. If plaintiffs deem such added cost to be prohibitive, they may seek an appropriate extension.

Next, the Court considers whether other parties may be harmed by a stay. Given the rather tight discovery schedule in this matter, and the argument proffered by plaintiffs that they will be harmed most by any delay, all parties may incur some injury should any portion of the case be stayed, and the schedule disrupted. Moving the case forward is in the parties' interest, and the public interest plainly lies in favor of moving this case toward prompt resolution as well.

Plaintiffs have not made the requisite showing necessary to merit a stay of the Order. As a result, it is hereby ORDERED that the motion to stay is DENIED.

**Dated:** May 16, 2012          S\_____
                                 **RUTH MILLER**
                                 United States Magistrate Judge